UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAHYA ABDUL-ALEEM,

                                   Plaintiff,

                -against-

MARK MILLER; MICHAEL LAGO; D.
STRONG; MICHELLE M. LIBERTY; JOHN
DOE #1; JOHN DOE #2; CATHY Y.
SHEEHAN; JANE DOE #1; JANE DOE #2,

                                   Defendants.

24-CV-9097 (JGLC)

**<u>ORDER OF SERVICE</u>**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this

action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for violations of his Fourteenth

Amendment right to due process and his Eighth Amendment right to be free from cruel and

unusual punishment. By order dated February 20, 2025, the court granted Plaintiff's request to

proceed *in forma pauperis*, that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    Official-capacity claims under Section 1983 for damages

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*,

557 F.2d 35, 40 (2d Cir. 1977).

Insofar as Plaintiff asserts official-capacity claims under Section 1983 against

Defendants, all of whom are employees or officials of the New York State Department of

Corrections and Community Supervision (DOCCS), the Eleventh Amendment bars such official-

capacity claims for damages, and these claims are dismissed.[2]

### B.    Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff names

Green Haven Inmate Grievance Response Committee (IGRC) Office Personnel John Does #1

---

[2] Plaintiff also seeks declaratory and injunctive relief against Defendants Miller and
Sheehan in their official capacities. *See Ex Parte Young*, 209 U.S. 123 (1908); Fed. R. Civ. P.
25(d). The Court does not address, at this stage, Plaintiff's claims for declaratory and injunctive
relief.

and #2, but it is unclear what John Does are alleged to have done or failed to do that violated Plaintiff's rights. Moreover, Plaintiff does not provide sufficient information to identify these defendants, and the Court therefore dismisses John Does #1 and #2 without prejudice to Plaintiff's repleading these claims.

Plaintiff does, however, provide sufficient information to permit DOCCS to identify Green Haven Mental Health Staff Jane Does #1 and #2 who met with Plaintiff beginning on June 29, 2021, to provide mental health treatment. It is therefore ordered that the New York State Attorney General, which is the attorney for and agent of the DOCCS, must ascertain the identity and badge number of each Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court **within 60 days** of the date of this order.

**Within 30 days** after receiving this information, Plaintiff must file an amended complaint naming the Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Jane Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

## C.     Service on Defendants Miller, Lago, Strong, Liberty, and Sheehan

Because Plaintiff has been granted permission to proceed *in forma pauperis*, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d.

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff could not effect

119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

and serve all process . . . in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) (the court must

order the Marshals Service to serve if the plaintiff is authorized to proceed *in forma pauperis*).

To allow Plaintiff to effect service on Defendants Superintendent Mark Miller, Correction

Officer Michael Lago, Correction Officer D. Strong, Commissioner Hearing Officer Michelle

Liberty, and Deputy Commissioner and Counsel Cathy Sheehan through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form (USM-285 form) for Defendants. The Clerk of Court is further instructed to issue

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals

Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

**D.    Application for the Court to request pro bono counsel**

Plaintiff has submitted an application for the Court to request pro bono counsel. ECF No.

4. The factors to be considered in ruling on an indigent litigant's request for counsel include the

merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts

and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172

---

service until the Court reviewed the complaint and ordered that any summonses be issued. The
Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied, without prejudice to renewal at a later date.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against John Does #1 and #2 and directs the Clerk of Court to terminate these defendants on the electronic docket. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses the Section 1983 claims seeking damages against Defendants in their official capacities, 28 U.S.C. § 1915(e)(2)(B)(iii), but claims for injunctive relief can proceed at this stage against Defendants in their official capacities, as can claims against Defendants in their personal capacities. Plaintiff's application for the Court to request pro bono counsel (ECF 4) is denied, without prejudice to renewal.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Office of the New York State Attorney General, 28 Liberty Street, 16th Floor, New York, NY 10005. The Clerk of Court is also instructed to (1) issue summonses for Defendants Miller, Lago, Strong, Liberty, and Sheehan; (2) complete the USM-285 forms with the addresses for these defendants; and (3) deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail an information package to Plaintiff. An "Amended Complaint" form is attached to this order.

Dated:     April 16, 2025
           New York, New York

                                    SO ORDERED.

                                    *Jessica Clarke*
                                    _____
                                    JESSICA G. L. CLARKE
                                    United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.  Green Haven Superintendent Mark Miller
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

2.  Commissioner Hearing Officer Michelle Liberty
    New York State Department of Corrections and Community Supervision
    1220 Washington Avenue #9
    Albany, New York 12226

3.  Correction Officer D. Strong
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

4.  Correction Officer Michael Lago
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

5.  Deputy Commissioner Cathy Sheehan
    New York State Department of Corrections and Community Supervision
    1220 Washington Avenue #9
    Albany, New York 12226

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore _not_ contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include _only_: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____